| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO**<br><br>**Court Address:**<br>1777 6th Street<br>Boulder, CO 80302 | DATE FILED: September 13, 2017 10:42 PM<br>FILING ID: 9D3C364E32791<br>CASE NUMBER: 2017CV30912 |
| **Plaintiff:**<br><br>VICKI MARTINEZ,<br><br>v.<br><br>**Defendant(s):**<br><br>METLIFE INVESTORS USA INSURANCE COMPANY; and John Does (#1-100 whose names are unknown) | ▲ **COURT USE ONLY** ▲ |
| *Attorney for Plaintiff:*<br>Christopher A. McCoy, Esq.<br>McCoy Law, LLC<br>605 Parfet St.<br>Lakewood, Colorado 80215<br>Phone Number: 303-946-0799<br>FAX Number: 303-847-0897<br>E-mail: chris@chrismccoylaw.com<br>Atty. Reg. #:  43412 | Case Number:<br><br><br><br>Division        Courtroom |
| **COMPLAINT** ||

Comes now Plaintiff, Vicki Martinez, by and through her attorneys, Christopher A. McCoy, Esq. and McCoy Law, LLC, and in support of her Complaint, avers as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff Vicki Martinez (hereinafter, "Plaintiff") is a resident of Arapahoe County, State of Colorado, with a residential address of 2917 S. Bahama Street, Aurora, Colorado 80013.

2.      Defendant MetLife Investors USA Insurance Company (hereinafter, "Defendant") is a foreign corporation organized pursuant to the laws and regulations of the State of Delaware.


EXHIBIT A

Page 1 of 9

3.      On November 14, 2013, Defendant caused a Statement of Foreign Entity Withdrawal pursuant to C.R.S. § 7-90-806 to be filed with the Colorado Secretary of State in which it indicated that service of process may be sent to its principal address.

4.      Pursuant to C.R.C.P. 98(c)(1), jurisdiction and venue is proper in this Court because Defendant is a foreign entity, and before filing a Statement of Foreign Entity Withdrawal, Defendant conducted business throughout the state.

5.      Defendant's principal office mailing address is 1095 Avenue of the Americas, New York, New York 10036.

## GENERAL ALLEGATIONS

6.      Plaintiff incorporates by reference Paragraphs 1-5 of this complaint as though set-forth herein.

7.      At all times relevant hereto, Plaintiff was (and still is) married to Jeffrey Martinez (hereinafter, "Martinez").

8.      At all times relevant hereto, Martinez was Defendant's employee/agent.

9.      As Defendant's agent, Martinez marketed and sold Defendant's financial products and services, including life insurance.

10.     In April or May of 2013, Plaintiff and Martinez decided to procure a life insurance policy from Defendant for Plaintiff's son, Mark A. Chalfant II (hereinafter, "Chalfant").

11.     Before Defendant issued a life insurance policy to Plaintiff, it required Chalfant to submit to a Paramedical/Medical Exam and complete an Application for Life Insurance.

12.     On May 28, 2013, Chalfant presented for a Paramedical/Medical Exam with a medical professional designated by Defendant. Chalfant was deemed to be in excellent health.

13.     On May 31, 2013, Martinez filled-out the Life Insurance Application and after reviewing Martinez's answers, Chalfant executed it.

14.     Martinez submitted the life insurance application to his employer, Defendant MetLife Insurance, and after the application was reviewed, Defendant agreed to insure Chalfant.

Defendant classified Chalfant as "Elite Plus Nonsmoker," which, upon information and belief, is the highest classification – i.e. best risk – for Defendant's life insurance products.

15. On June 13, 2013, the parties to this action entered into a life insurance contract; Defendant issued MetLife insurance policy number 213127017US to Plaintiff.

16. The life insurance policy identified 18-year-old Chalfant as the insured person and Plaintiff as both the owner and beneficiary of the policy.

17. The life insurance contract required Plaintiff to pay Defendant monthly premiums, and in exchange for these premiums, obligated Defendant to pay Plaintiff one million dollars ($1,000,000 US) upon the death of Chalfant.

18. On June 4, 2014, Chalfant was tragically murdered. The assailants were apprehended and later convicted.

19. On June 9, 2014, Plaintiff filed a claim with Defendant to pay the life insurance benefits due her under the life insurance contract.

20. As part of its investigation, Defendant required Plaintiff to execute a medical release authorizing Defendant to collect Chalfant's medical records.

21. Defendant ordered medical records from Chalfant's long-time family physician. After receiving these records, Defendant denied Plaintiff's claim for benefits, relying on a two-year contestability period clause in the life insurance contract.

22. Defendant first denied Plaintiff's claim on September 16, 2014, alleging Chalfant misrepresented an answer on the Paramedical/Medical Exam questionnaire. Specifically, Defendant alleged that Chalfant "incorrectly answered" a question on the exam which asked Chalfant if he had ever used "heroin, cocaine, barbiturates, or other drugs, except as prescribed by a physician or other licensed practitioner." Chalfant answered "no" to this question.

23. Defendant alleged that in answering "no" to the question, Chalfant misrepresented a material fact, and if it had known otherwise, would not have issued the life insurance policy.

24. Through Counsel, Plaintiff asked Defendant for a more thorough explanation as to why it was denying Plaintiff's claim for benefits. In response, Defendant alleged that the medical

records it procured from Chalfant's family physician show that in August 2012, Chalfant admitted to his doctor that he was formerly a daily marijuana user.

25.    Defendant asserts that the question pertaining to "the use of heroin, cocaine, barbiturates, or other drugs," also contemplated the use of marijuana, and therefore, Chalfant's failure to answer that question affirmatively, knowing of his past marijuana use, was a material misrepresentation, making the life insurance contract void. Defendant did invite Plaintiff to provide any information that may cause it to reconsider its position.

26.    Plaintiff responded to Defendant that the question asking of "the use of heroin, cocaine, barbiturates, or other drugs," was vague and ambiguous, and therefore, should be construed in Plaintiff's favor. Furthermore, Plaintiff explained that 18-year-old Chalfant, who was raised in the Denver Metro area at a time when marijuana dispensaries were more prevalent than Starbucks, drew a reasonable distinction between marijuana and those drugs Defendant identified in its questionnaire. As such, Chalfant's answer was not knowingly misleading, but indeed quite reasonable. Defendant continued to deny Plaintiff's claim.

27.    Defendant and Plaintiff exchanged additional correspondence, in which Plaintiff, through counsel, provided Defendant with additional information to support her position that Chalfant's answer was not knowingly misleading. Still, Defendant denied Plaintiff's claim for benefits, citing Colorado statutes identifying marijuana as an illegal substance, and therefore, Chalfant's understanding and interpretation of the question was irrelevant.

28.    Failing to reach a resolution on her claim for benefits from Defendant, Plaintiff now brings her claims before this Court.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

29.    Plaintiff incorporates Paragraphs 1-28 of this Complaint as though fully set-forth herein.

30.    Plaintiff and Defendant entered into a contract for life insurance for Plaintiff's son, Mark A. Chalfant, II.

31.    The contract required Plaintiff to meet certain obligations, including payment of monthly premiums to Defendant; and in exchange, Defendant was obligated to pay benefits to Plaintiff upon the death of Chalfant.

32. Plaintiff, as the owner and beneficiary of the life insurance policy, complied with the obligations and conditions precedent required of her in order to be entitled to benefits under the life insurance policy issued by Defendant.

33. At all times relevant to this action, Defendant owed Plaintiff the implied duty of good faith and fair dealing in the insurance contract.

34. To the extent Plaintiff failed to comply with any of her contractual obligations, Defendant has not been prejudiced by her failure to comply.

35. To the extent Plaintiff and/or Chalfant misstated facts in the Life Insurance Application and/or the Paramedical/Medical Exam, such misstatements were not made knowingly or intentionally, but rather resulted from ambiguities and vagueness in the applications themselves, and therefore may not be relied upon by the Defendant to void the life insurance contract.

36. To the extent Plaintiff and/or Chalfant misstated facts in the Life Insurance Application and/or the Paramedical/Medical Exam, such misstatements were not material and therefore may not be relied upon by the Defendant to void the life insurance contract.

37. To the extent Plaintiff and/or Chalfant misstated facts in the Life Insurance Application and/or the Paramedical/Medical Exam, Defendant's agent or agents knew of the misstatements and this knowledge is imputed to Defendant; nevertheless, Defendant still entered into the contract with Plaintiff.

38. In denying benefits to which Plaintiff was entitled, Defendant has breached the life insurance contract.

39. As a direct and approximate result of Defendant's breach of contract, Plaintiff has suffered losses and damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
## (BAD FAITH BREACH OF INSURANCE CONTRACT)

40. Plaintiff incorporates Paragraphs 1-39 of this Complaint as though fully set-forth herein.

41. As a provider of insurance services to the public, Defendant at all times had a duty to (a) be actuated by good faith and fair dealing in everything pertaining thereto; (b) abstain from

deceptive and/or misleading practices; and (c) keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

42. Under Colorado law, there is an implied covenant of good faith and fair dealing in every insurance contract and this implied covenant imposes on insurers a duty to act in good faith with their insureds.

43. Pursuant to its implied duty of good faith and fair dealing, Defendant owed Plaintiff an obligation to treat Plaintiff's interests with equal consideration to its own interests.

44. Defendant breached the implied duty of good faith and fair dealing it owed to Plaintiff, including, but not limited to:

   a. Failing to give equal consideration to the interests of Plaintiff, its insured;
   b. When investigating Plaintiff's claims, Defendant failed to diligently search for evidence that supported their insured's (Plaintiff's) claims;
   c. Seeking to discover only evidence that defeated their insured's (Plaintiff's) claims;
   d. Construing ambiguous and vague language in the Life Insurance Application and/or Paramedical/Medical Exam to its benefit and relying on the same ambiguous and vague language to deny benefits it owed to Plaintiff;
   e. Unreasonably denying benefits under the life insurance policy without a reasonable basis for denying benefits with knowledge or reckless disregard or a lack of reasonable basis for denying benefits;
   f. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;
   g. Entering into the life insurance contract knowing that Chalfant unwittingly provided incorrect information in the applications, and then refusing to pay benefits it owed to Plaintiff on the basis of this incorrect information;
   h. Unreasonably denying claims without conducting a reasonable investigation based upon all available information;
   i. Not attempting in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claims after its obligation on the contract had become reasonably clear;
   j. Compelling Plaintiff to initiate litigation to recover amounts due under the insurance contract by denying benefits Plaintiff is entitled to recover;
   k. Forcing Plaintiff into the costly and lengthy process of litigation;
   l. Any further acts which may be discovered.

45.  Defendant's aforesaid conduct was unreasonable and Defendant either knew such conduct was unreasonable, and/or Defendant recklessly disregarded the fact that such conduct was unreasonable.

46.  As a direct and approximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has sustained losses and damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (VIOLATION OF C.R.S. § 10-3-1115(1)(a) AND C.R.S. § 10-3-1116(1))

47.  Plaintiff incorporates Paragraphs 1-46 of this Complaint as though fully set-forth herein.

48.  Pursuant to C.R.S. § 10-3-1115(1)(a), "A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."

49.  Defendant is engaged in the business of insurance and Plaintiff satisfies the definition of a "first-party claimant."

50.  Defendant's denial of benefits due to Plaintiff under the life insurance contract is unreasonable.

51.  Pursuant to C.R.S. § 10-3-1116(1), Plaintiff is entitled to reasonable attorney's fees, costs, and two times the covered benefit.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Relief)

52.  Plaintiff incorporates Paragraphs 1-51 of this Complaint as though fully set-forth herein.

53.  Plaintiff and Defendant cannot agree as to the harms and losses Plaintiff suffered and the amount she is entitled to recover under the life insurance policy.

54.  Pursuant to C.R.C.P. 57, Plaintiff requests this Court to determine Plaintiff's rights under the life insurance policy with Defendant and to determine that such benefits are payable in full.

WHEREFORE, Plaintiff Vicki Martinez prays for judgment against Defendant MetLife Investors USA Insurance Company on all claims in an amount to be proven at trial, interest at the

highest rate allowed by law, costs, expert witness fees, and such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL TO THE COURT ON ALL ISSUES

Plaintiff's address:
2917 S. Bahama Street
Aurora, Colorado 80013

Respectfully submitted this 13th day of September, 2017.

ATTORNEY FOR PLAINTIFF:

/s/Christopher A. McCoy, Esq.
Christopher McCoy, # 43412
McCoy Law, LLC
605 Parfet Street, Suite 102
Lakewood, CO 80215
Email: chris@chrismccoylaw.com
Phone (303) 946-0799
Fax (303) 847-0897

*A duly signed original on file at the offices of McCoy Law, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 13th day of September, 2017, a true and correct copy of the foregoing **COMPLAINT** was filed *via* the Integrated Colorado Court E-Filing System (ICCES).

*A duly signed original on file at the offices of McCoy Law, LLC*

/s/ Alycia Hoskins
Alycia L. Hoskins, Paralegal
McCoy Law, LLC

This document will be maintained in accordance with C.R.C.P. 121 § 1-26(7).